REUEL EDWARDS, plaintiff in error, *vs.* SIMEON DALY, defendant in error.

An action of trover, for the recovery of a horse, was pending in the Superior Court, and in March, 1868, a military order was issued by General Meade, ordering that the suit should be dismissed by the Court, but the order was not produced in Court, though the sheriff swore that he had received an order in substance as above stated. There had been two terms of the Court held since the order was issued; at the first term thereafter the defendant was in Court, and continued the case on account of the sickness of one of his counsel, having in his possession an official copy of the military order, at that term of the Court. At the next term of the Court the case was continued by the defendant on account of his own sickness, at which term one of his counsel had the order in his possession; but at neither term was there any motion made to dismiss the case, nor was the order brought to the attention of the Court. It was also shown to the Court that both parties had subpœnaed witnesses, and prepared the case for trial at the present term of the Court, when, on motion, the presiding Judge dismissed the case: *Held,* that inasmuch as the defendant failed to produce his military order to the Court, and move a dismissal of the case until after the restoration of civil authority in the State, but proceeded to continue the case from term to term, and put the plaintiff to the expense and trouble of preparing the same for trial, it was error in the Court below to dismiss the plaintiff's case at the last term of the Court at the plaintiff's cost, on motion of the defendant, under the military order issued in 1868.

Military Orders. Before Judge PARROTT. Catoosa Superior Court. August Term, 1868.

In October, 1865, Edwards brought trover and bail against Daly for a horse, averred to have been converted by Daly on

the 1st of April, 1865. In November, 1866, Edwards obtained a judgment for $130 00 damages, and $— costs. ' Daly appealed. Pending this appeal, Daly obtained the following order:

"HEADQUARTERS, 3RD MILITARY DISTRICT,

*Department of Georgia, Florida and Alabama,*

ATLANTA, GA., March 7th, 1868.

(Special Order, No. 51—Extract.)

III. Whereas two suits are on the civil docket in trover, plaintiff Reuel Edwards, and one on the criminal docket for robbery, plaintiff, the State, one pending in Catoosa Superior Court, State of Georgia against Simeon Daly, and it has been satisfactorily shown to the Major General Commanding that the taking of the horse, for which the defendant is sought to be held responsible, was ordered by the United States military authorities, and was not the personal act of said Daly, which view of the case is concurred in by the Honorable James Milner, Judge of said Superior Court: Therefore, it is hereby ordered that the above named suits in Catoosa Superior Court be discontinued or dismissed by the Court without further costs to said Daly than he has already paid.

By order of Major General MEADE.

R. C. DRUM, Ass't Adj't General.

Official: GEORGE MEADE, A. D. C.

To Sheriff of Catoosa county, Georgia."

This order was delivered to the sheriff. At the next term Daly continued the case because of the absence of his leading counsel; at the next term he again continued the case, because of his sickness; at the first continuance Daly had an official copy of said order in his pocket, and at the second his counsel, who made the showing for a continuance had it in his pocket, but at neither term was any motion made to dismiss the case, nor was the attention of the Court in any way called to said order.

Both parties had subpœned witnesses, and prepared the cause for trial at August Term, 1869. When the cause was called for trial, Daly's counsel produced said order, and moved upon it, to dismiss the cause. The Court dismissed the cause and entered judgment in favor of Daly against Edwards for the costs since and before said order was issued, including that which Daly had paid. Plaintiff in error says that the

Court erred in dismissing the cause, and in compelling Edwards to pay the costs which Daly had paid.

DODSON & PAYNE, E. F. HOGE, for plaintiff in error.

No appearance for defendant in error.

WARNER, J.

The error assigned to the judgment of the Court below in this case is, in dismissing the plaintiff's action on the statement of facts presented by the record. In our judgment, inasmuch as the defendant failed to produce his military order to the Court, and make a motion therein for a dismissal of the case until after the restoration of civil authority in the State, but proceeded to continue the case from term to term, and put the plaintiff to the expense and trouble of preparing the same for trial, it was error in the Court below to dismiss the plaintiff's case at the last term of the Court at the plaintiff's cost, on motion of the defendant, under the military order issued in 1868. The case should have been tried and disposed of in accordance with the laws of the land which govern and regulate the proceedings in the civil tribunals of the State.

Let the judgment of the Court below be reversed.